Weygandt, C. J.
 

 The operative facts are undisputed.
 

 The controversy in this case is due to the fact that the defendant corporation has deeded two portions of its tract of land to its president and secretary respectively. Whether these transfers were with or without consideration is not disclosed by the record-.
 

 Subsequent to these transfers the corporation and its president each entered into an undertaking to secure the payment of parts hut hot all the delinquent-taxes, assessments, penalties and interest.
 

 The contention of the corporation and its president is that the foreclosure action should he dismissed as to the two portions of the tract now standing in their respective names, inasmuch as their undertakings secure payment of what they regard as their proportionate share of the total delinquencies. This-would leave the action pending as to only that portion of the tract standing in the name of the corporation secretary who has entered into no undertaking to secure payment of any part of the delinquencies.
 

 The plaintiff county treasurer insists that the entire amount of the delinquencies is a lien on the entire tract and that hence he is entitled to foreclosure and sale of the entire tract, as asked in his petition. He states that his action was instituted under fávor of the provisions of' Section 5718
 
 et seq.,
 
 General Code, which were enacted prior thereto and relate to the foreclosure of tax liens on delinquent lands.
 

 The defendant-appellants seek comfort from Section 5719, General Code,' which reads in part as follows:
 

 
 *562
 
 “Each parcel affected by the court’s finding shall be separately appraised, advertised and sold unless the court orders any number or all of such parcels to be appraised, advertised and sold as a whole.”
 

 However, the tract here involved was described in the foreclosure petition as one parcel, and the court ordered the tract to be appraised, advertised and sold as a whole. This was in conformity with the authority expressly conferred by the foregoing language of the statute.
 

 The defendant-appellants rely, too, on the following provisions of Section 2672-1
 
 et seq.,
 
 General Coder-
 

 Section 2672-1. “Any person, firm or corporation charged with or legally authorized or required by law •or decree of court to pay real property taxes and assessments which have became delinquent at or prior to the August or September settlement in any year, or any person, firm or corporation holding a lien upon such real property may at any time elect to pay the principal sum of such delinquent taxes and assessments as provided in this act, anything in the permanent statutes of this state relating to the payment of real property taxes, assessments, penalties .and interest thereon to the contrary notwithstanding. * * * ”
 

 Section 2672-3. “Any such person being the owner of such real property or the holder of a lien thereon may at such times, in lieu of making a tender as authorized by section 2 [Section 2672-2, General Code] of this act, enter into a written undertaking in such form as shall be prescribed by the Bureau of Inspection and Supervision of Public Offices, to pay the full principal amount of such taxes and assessments, so delinquent, less penalties, interest and other charges for the year 1936 and prior thereto, and plus penalties, interest and other charges for the year 1937 and years subsequent thereto, in ten annual installments
 

 
 *563
 
 However, cognate Section 2672-15, General Code, reads in part as follows :
 

 “Nothing in this act shall affect the right of the prosecuting attorney to institute and complete proceedings to foreclose the lien of the state under sections 5718-3 and 5719 of the General Code of Ohio, nor the jurisdiction and power of the Common Pleas Court under said sections of the General Code unless prior to the date of sale, the costs incurred in foreclosure proceedings shall have been paid and an undertaking shall have been entered into pursuant to this act, covering the payment of such delinquent taxes and assessments.”
 

 It is the contention of the defendant-appellants that under the provisions of this section the Court of Common Pleas and the prosecuting attorney lost their authority to proceed further with the foreclosure action as soon as the court costs were paid and undertakings given to secure the payment of part of the delinquencies.
 

 This court does not so understand the language of this statute. It requires an undertaking “covering the payment of
 
 such
 
 delinquent taxes and assessments.” (Italics supplied.) There is nothing in this sentence or the context to indicate that “such delinquent taxes and assessments” means anything less than the entire amount of the delinquencies constituting a lien on the entire tract of land. These provisions are succinctly analyzed as follows in the opinion of the trial court:
 

 “We believe it was the legislative intent as expressed in Section 2672-15, General Code, which permits the execution of an undertaking * * * to terminate further foreclosure procedure to require as a precedent thereto that the undertaking cover all of the taxes, assessments and charges against the entire property described in the petition. We further be
 
 *564
 
 lieve that the statute does not permit after an entire tract of land has been described in the petition, so advertised, and described in the decree, an under- • taking to be executed as to a part of such land, even though it may have been severed prior to the decree. If, however, the petition describes separate parcels as such and the property is so advertised and set forth in the decree then it is possible to enter into an undertaking with reference to any or all of such parcels prior to sale.”
 

 If the legislative intent were construed otherwise, an unscrupulous owner of land could delay indefinitely such a foreclosure action by the simple device of successive transfers of portions of his property, thus compelling the court to render new decrees involving less and less land.
 

 In the instant case the corporation and its president — the defendant-appellants — have the title to the entire choice frontage on Euclid avenue and are asking that the foreclosure action be dismissed as to them and their portions, thereby requiring the prosecuting attorney to proceed against the remaining portion which he insists is without ingress or .egress, except over the other portions, and is therefore of much less value. This hardly is a result contemplated by the General Assembly.
 

 The defendant-appellants rely also on the provisions of Sections 2573 and 2651-1, General Code, relating to the duties of the county auditor and the county treasurer in apportioning unpaid taxes, penalties, interest and special assessments to various parte of a tract of land. However, these provisions do not affect the authority of the Court of Common Pleas or the prosecuting attorney to complete a foreclosure action under the circumstances here present.
 

 It is insisted further that the action of the trial court is violative of Section 1 of the Fourteenth
 
 *565
 
 Amendment to the Constitution of the United States,, and Sections 2,16 and 19 of Article I of the Constitution of Ohio, but there is nothing in the record to substantiate this contention.
 

 The Court of Appeals was not in error in affirming, the judgment of the Court of Common Pleas overruling the applications of the defendant-appellants, to vacate the alias order of sale.
 

 Judgment affirmed.
 

 Turner, Matthias, Zimmerman and Soi-ingbn, JJ.,, concur.
 

 Hart and Stewart, JJ., dissent.